STATE EX REL. CARKEL, INC., Petitioner,

v.

The CIRCUIT COURT FOR LINCOLN COUNTY
and The Honorable Vincent K. Howard,
Presiding, Respondents-Petitioners,

Gary SCHWARTZ, Ervin Zenker, Patricia A.
Zenker, Zenker Oil Co., Inc. and Carol
Schwartz, Respondents.

Supreme Court

*No. 86–1969–W. Argued October 6, 1987.—Decided November 4,
1987.*

(Also reported in 414 N.W.2d 640.)

257

For the respondents-petitioners the cause was argued by *James H. McDermott,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

For the petitioner the cause was argued by *Robert F. Kuehn* and *Mallery Law Firm*, Wausau.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed December 2, 1986. The case came to the court of appeals on Carkel, Inc.'s petition for a supervisory writ. The court of appeals ordered Circuit Judge Vincent K. Howard of the circuit court of Lincoln county to grant the request filed by Carkel, Inc. for substitution of a judge. We conclude that because Carkel, Inc. failed to demonstrate, on the record before us, that it was not united in interest and pleading together with plaintiff Gary Schwartz, who had presented his views in a preliminary contested matter, Carkel Inc.'s request for substitution did not satisfy the requirements of sec. 801.58, Stats. 1985–86. Accordingly we reverse the decision of the court of appeals.

The record is limited. The only facts are contained in exhibits attached to Carkel Inc.'s petition for a supervisory writ and the circuit court's response thereto. The exhibits include the amended complaint; a petroleum supply agreement upon which the amended complaint is based; Carkel Inc.'s motion for substitution; Attorney Robert Kuehn's notice of retainer as counsel for Carkel, Inc. filed in the circuit court; Attorney Robert Kuehn's affidavit in support of the petition for a supervisory writ filed in the court of appeals; and Circuit Judge Howard's affidavit summarizing the hearing on defendant's motion before the circuit court.

Gary Schwartz apparently filed a complaint seeking compensatory and punitive damages for breach of contract and misrepresentation and naming Ervin

Zenker, Patricia Zenker, and Zenker Oil Co., Inc. as defendants. The contract in issue was a petroleum supply agreement, dated July 4, 1984. Gary Schwartz, Carol Schwartz, and Carkel, Inc. are referred to collectively as "Schwartz," the buyers named in the contract; Ervin Zenker and Patricia Zenker are named as the sellers. Zenker Oil Co. was not a party to the agreement.

After the complaint was filed, the defendants moved to dismiss the action, asserting that Gary Schwartz had failed to join necessary parties, that the complaint failed to state a claim upon which relief could be granted, and that *res judicata* barred the claims. On July 17, 1986, Judge Howard heard the defendants' motion. The circuit court ordered that Carkel, Inc. and Carol Schwartz be joined in the action as necessary parties and took the *res judicata* issue under advisement. The record before us suggests that the circuit court did not specify whether the two additional parties should be named plaintiffs or defendants. Neither the order to join Carkel, Inc. and Carol Schwartz as parties nor a transcript of the hearing on the defendants' motion is part of the record before us.

On September 5, 1986, Gary Schwartz filed an amended complaint signed by his attorney, Robert F. Kuehn. The complaint names Carkel, Inc. and Carol Schwartz as party defendants. Gary Schwartz, President of Carkel, Inc., admitted service of the summons and amended complaint on behalf of Carkel, Inc. According to Judge Howard's affidavit, Gary Schwartz was the sole shareholder of Carkel, Inc. and its "primary director."

On September 5, 1986, the same day the amended complaint was filed in circuit court, Carkel, Inc., filed

a motion for substitution of the judge. Section 801.58(1), Stats. 1985–86, requires that a motion for substitution be signed personally by the party or its attorney. Attorney Kuehn, the attorney for Gary Schwartz, signed the motion for substitution as counsel for Carkel, Inc. Attorney Kuehn continues to represent Carkel, Inc. in the review in this court. Carol Schwartz is not involved in this substitution dispute.

Both parties characterize the circuit court proceeding held on July 17, 1986 as a preliminary contested matter under sec. 801.58(1), Stats. 1985–86. Because Gary Schwartz had presented his views at this proceeding he is barred from seeking substitution. According to Judge Howard's affidavit, the circuit judge denied Carkel, Inc.'s motion for substitution because Carkel, Inc. was Gary Schwartz's alter ego. Because Gary Schwartz was barred from seeking substitution, the circuit judge concluded that Carkel, Inc., his alter ego, was also barred. Carkel, Inc. then petitioned the court of appeals for a supervisory writ to compel the substitution of the judge.

The court of appeals examined sec. 801.58(1) and *La Crosse v. Jiracek Constr., Inc.,* 108 Wis. 2d 684, 329 N.W.2d 441 (Ct. App. 1982). Section 801.58(1) provides in relevant part:

> **801.58 Substitution of judge.** (1) Any party to a civil action or proceeding may file a written request, signed personally or by his or her attorney, with the clerk of courts for a substitution of a new judge for the judge assigned to the case. *The written request shall be filed preceding the hearing of any preliminary contested matters and, if by the plaintiff, not later than 60 days after the summons and complaint are filed or, if by any other party,*

*not later than 60 days after service of a summons and complaint upon that party* .... (Emphasis added.)

In *Jiracek* the court of appeals interpreted sec. 801.58(1) as allowing a defendant to request substitution of a judge not later than 60 days after service of a summons and complaint if the party seeking substitution has not presented its views to the court on a preliminary contested matter. In the *Jiracek* case, after Jiracek (a corporate defendant in the case) presented its views to the court on a preliminary contested matter, it joined an insurance company as a defendant and cross-claimed against the company for denying coverage. The insurance company requested substitution. The court of appeals affirmed, granting the insurance company's request for substitution. The court of appeals concluded that sec. 801.58(1) did not bar every request for substitution made after a preliminary contested matter was heard. The court of appeals concluded in *Jiracek* that because the party seeking substitution had not presented its views in the preliminary contested matter, the request for substitution was timely. Although Jiracek had participated in a preliminary contested matter, the party requesting substitution had not.

Relying on *Jiracek,* the court of appeals concluded in this case that Carkel, Inc. was a party to the action; that Carkel, Inc. had requested substitution within the applicable 60-day period set forth in sec. 801.58(1); and that Carkel, Inc. had not presented its views in a preliminary contested matter. Accordingly the court of appeals held that Carkel Inc.'s motion for substitution was timely and should be granted.

We conclude that the court of appeals erred by relying exclusively on sec. 801.58(1) and the *Jiracek*

case. Neither sec. 801.58(1) nor the *Jiracek* case addresses the fact situation presented in this case, namely the party requesting substitution appears to have the same interests in the litigation as the party which presented its views in the preliminary contested matter.

To reach a decision in this case, the court must consider sec. 801.58(3), which provides as follows:

> ... no party may file more than one such written request [for substitution] in one action, nor may any single such request name more than one judge. For purpose of this subsection parties *united in interest and pleading together* shall be considered as a single party, but the consent of all such parties is not needed for the filing by one such party of a written request. (Emphasis added.)

Section 801.58(3), when read with sec. 801.58(1), is subject to at least two interpretations. One interpretation of secs. 801.58(1) and (3) is that if a party is barred from requesting substitution because it presented its views in a preliminary contested matter, then all parties united in interest and pleading together with the barred party are similarly barred. Under this interpretation a key factor in determining the timeliness of the substitution request is whether any party united in interest and pleading together with another party has presented its views in a preliminary contested matter.

Another interpretation of secs. 801.58(1) and (3) is that parties united in interest and pleading together are entitled to one substitution request and that as long as the first request for substitution is filed within the applicable 60 day statutory period, the request must be granted. Under this interpretation, a key

factor in determining the timeliness of the substitution request is whether any party united in interest and pleading together with another party submitted a substitution request. Under this interpretation parties united in interest and pleading together have a collective right to one substitution request whether or not one of the parties presented its views in a preliminary contested matter prior to the filing of the substitution request.

Under the first interpretation, if Carkel, Inc. is united in interest and pleading together with either the original plaintiff Gary Schwartz or the originally named defendants, then Carkel, Inc. would be barred from requesting substitution because Schwartz and the originally named defendants, agreeing that they had presented their views in a preliminary contested matter, are barred from seeking substitution by sec. 801.58(1).

Under the second interpretation, the request by Carkel, Inc. would be timely even if Carkel, Inc. were united in interest and pleading together with any other party to the action because Carkel, Inc. submitted the first and only request for substitution filed by any party in the action, and its request is within the applicable 60-day statutory time period.

■ The court resolves ambiguities in a statute by interpreting the statute in a way that gives effect to the legislative intent and purpose. Our evaluation of the legislative purposes underlying sec. 801.58 persuades us that secs. 801.58(1) and (3) must be interpreted to provide that if a party is barred from requesting substitution because it has presented its views in a preliminary contested matter, then any party united

in interest and pleading together with that party is likewise barred from requesting substitution.

The reason that sec. 801.58(1) prohibits parties who present their views in a preliminary contested matter from requesting substitution "is that a litigant who does not like the way a judge is handling a matter should not be able to substitute a second judge simply because the litigant believes things are going badly before the first judge and hopes to obtain a more favorable tribunal." *Jiracek, supra* 108 Wis. 2d at 694, quoting *State ex rel. Tarney v. McCormack,* 99 Wis. 2d 220, 234, 298 N.W.2d 552 (1980).

The requirement in sec. 801.58(1) that a party may not request substitution after it has presented its views in a preliminary contested matter is a codification of our decision in *Pure Milk Products Co. v. NFO,* 64 Wis. 2d 241, 219 N.W.2d 564 (1974). In that case the court said that a party may waive the right to substitution by participating in preliminary matters where evidence is received which goes to the merits of the case. *Jiracek, supra* 108 Wis. 2d at 694. By amending sec. 801.58(1) to incorporate the *Pure Milk* decision, the legislature expressly stated its intent to disallow a party from "testing the waters" and then requesting substitution.

The purpose behind sec. 801.58(3) is to limit substitution requests to "one per side." Thus the legislature provided that parties who are in fact aligned in interest, that is, united in interest and pleading together, should be treated as a single party for substitution purposes.

To give effect to both secs. 801.58(1) and (3), we interpret these provisions together to mean that

where parties are united in interest and pleading together, if one such party presents its views in a preliminary contested matter, all parties united in interest and pleading together are barred from filing a motion for substitution. Although this interpretation might terminate the substitution right of parties who are united in interest and pleading together before they knew they were going to be involved in a lawsuit, we conclude this interpretation gives full effect to the legislative purposes expressed in secs. 801.58(1) and (3).

We must therefore decide whether Carkel, Inc. is united in interest and pleading together with either Gary Schwartz or the defendants. The burden is on Carkel, Inc., the party seeking substitution, to demonstrate that it is not a party united in interest and pleading together with any other party to this action which presented its views in the preliminary contested matter. For the reasons set forth, we conclude that Carkel, Inc. has failed to carry its burden.

The term "united in interest" in sec. 801.58(3) appears to come from the old Wisconsin joinder rule, sec. 260.12, Stats. 1973, which provided in relevant part as follows:

> Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should be joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the complaint . . . .

The successor to sec. 260.12 is sec. 803.03(3), Stats. 1985–86. See Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801–803,* 59 Marq. L. Rev. 1, 79–90 (1976). Section 803.03(3) recognizes

that a person who should rightly be a plaintiff but refuses to join as a plaintiff may be named as a defendant or in a proper case may be named as an involuntary plaintiff.

The determination of whether a party falls within the phrase united in interest "has been a fertile source of litigation." Interpretative Commentary for sec. 260.12, Stats. 1955, quoted in West's Wis. Stats. Annot. sec. 803.03, at p. 70 (1977). There is no single definition of the phrase "united in interest." Black's Law Dictionary 1375 (5th ed. 1979) states that parties are united in interest "when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action." This court said in *Castle v. Madison,* 113 Wis. 346, 352, 89 N.W. 156 (1902), that parties to a contract are united in interest as plaintiffs when "the benefit of the contract belonged to them as a unit and the right in them was created at the same time and by the same act."

Whatever the scope of the phrase "united in interest," it is apparent from this record that even though Gary Schwartz is named as the plaintiff in the amended complaint and Carkel, Inc. is named as a defendant, Gary Schwartz and Carkel, Inc. are parties united in interest; their interests appear to be identical. The amended complaint is based upon a written agreement. Gary Schwartz and Carkel, Inc. are both signatories to the agreement and are referred to in the agreement collectively (along with Carol L. Schwartz) as Schwartz. The benefit of the contract appears to belong to Gary Schwartz, Carol Schwartz and Carkel, Inc. as a unit. Furthermore, Gary Schwartz's amended complaint makes no claim against and seeks no relief from Carkel, Inc. which it names as a defendant; the

amended complaint seeks relief only from the original three defendants. Finally Attorney Kuehn represents both Gary Schwartz and Carkel, Inc. in this litigation. These facts lead to the conclusion that the two are united in interest.

The only fact indicating that Gary Schwartz and Carkel, Inc. are not united in interest and that they would not plead together is that Carkel, Inc. is named as a defendant in the amended complaint, instead of as a plaintiff. The only reasonable inference from this record is that Carkel, Inc. should have been named as a plaintiff and would plead together with Gary Schwartz. As sole plaintiff Gary Schwartz had complete, unlimited discretion to name Carkel, Inc. either as defendant or plaintiff. As sole shareholder, president, and primary director of Carkel, Inc., Gary Schwartz controlled Carkel, Inc.'s decision whether Carkel, Inc. would join in the action as a voluntary or involuntary plaintiff or as a defendant. It is therefore of little or no significance that Carkel, Inc. was named as a defendant rather than as a plaintiff in this case.

Moreover there is an intimation in the record that Gary Schwartz may have named Carkel, Inc. as a defendant rather than as a plaintiff to allow Carkel, Inc. to seek substitution of the judge. Circuit Judge Howard's affidavit states that at the July 17 hearing the judge expressed skepticism about Gary Schwartz's position on the issue of *res judicata.* Counsel for the circuit court in this case argues that Gary Schwartz was concerned that Judge Howard might rule against him on the *res judicata* issue and that Gary Schwartz named Carkel, Inc. as a defendant, rather than as a plaintiff, so that he could use Carkel, Inc. to move for substitution when he himself was barred from doing so.

Counsel for the circuit court apparently believed that sec. 801.58(3) was inapplicable because Carkel, Inc. was named as a defendant. We conclude, however, that the statute is applicable. The substance of the parties' interests, not the form of the pleadings, governs the applicability of the statute.

Under the circumstances of this case, whether the amended complaint joined Carkel, Inc. as plaintiff or defendant should not affect the application of sec. 801.58(3). Carkel, Inc., though named as defendant in the action, appears to be more aptly characterized as a plaintiff who is united in interest with Gary Schwartz. The record before us does not contain any reference to a pleading by Carkel, Inc., and Carkel, Inc. has not demonstrated that it would not plead with Gary Schwartz as plaintiff, even though named as a defendant. This case is resolved, then, by application of sec. 801.58(3).

Sections 801.58(1) and (3), Stats. 1985–86, bar a party who is united in interest and pleading together with another party from seeking substitution when that other party would be barred from seeking substitution because the party presented its views in a preliminary contested matter. We hold that the court of appeals erred in concluding that the circuit judge should have granted Carkel Inc.'s motion for substitution. We conclude that Carkel, Inc. has not demonstrated that it was not united in interest with and would not plead together with Gary Schwartz, who had presented his views in a preliminary contested matter. To allow Carkel, Inc. to substitute a judge would enable it to evade the legislative purposes underlying secs. 801.58(1) and (3). We conclude that

under the facts of this case Carkel, Inc. is in no better position to request substitution of the judge than was Gary Schwartz. Accordingly, we reverse the decision of the court of appeals and remand the cause to the circuit court for further proceedings not inconsistent with this opinion.

*By the Court.*—The decision of the court of appeals is reversed; the order of the circuit court denying the motion for substitution is affirmed.