CAL W. KORNSTEDT, Corporation Counsel Dane County
You ask for an opinion on the meaning of that part of section 59.031 (5), Stats., which states that the county executive "may exercise the power to veto any increases or decreases in the budget under sub. (6)." Your question arises because a former Dane County corporation counsel interpreted the statute as meaning that a county executive's veto of a county board appropriation, absent an override of the veto, would restore the appropriation to the level the county executive proposed in his or her executive budget. For example, if the county executive proposed $100,000 for parks and the county board appropriated only $50,000, the county executive's veto of the $50,000 would result in an appropriation of $100,000 unless the county board overrode the veto.
The Legislature immediately responded to this interpretation of the statute by enacting chapter 92, Laws of 1975. That chapter amended section 59.032 (5) by providing that "[n]o money may be appropriated for any purpose unless approved by the county board. The failure of the county board, upon reconsideration under sub. (6), to approve any appropriation vetoed by the county executive does not operate to appropriate the amount specified in the proposed budget submitted by the county executive." The Legislative Reference Bureau's drafting file for 1975 Assembly Bill 425, which became chapter 92, Laws of 1975, includes a resolution of the Dane County Board informing the Legislature of the Dane County corporation counsel's opinion and requesting the amendatory legislation. It also includes a letter from the corporation counsel of *Page 215 
Milwaukee County disagreeing with the opinion from Dane County. Chapter 92, Laws of 1975 amended only section 59.032 (5), the statute for all counties other than Milwaukee. The Legislature did not amend section 59.031 (5), the identical provision for Milwaukee County, apparently because the Milwaukee County corporation counsel was of the opinion that no amendment was necessary.
In 1985 the Legislature combined the statutory sections for the Milwaukee County executive and other county executives into one section that is now section 59.031. 1985 Wisconsin Act 29, sections 1150-61. The corrective language requested by the Dane County Board when chapter 92, Laws of 1975 was enacted was not included in the 1985 amendments and is no longer part of the statute. In the 1985 amendments the Legislature essentially reenacted the statute concerning the Milwaukee County executive's veto power but made the section applicable to all county executives. In so doing it repealed what had been section 59.032 (5), the statute containing the Dane County Board's requested amendment.
When a statute is capable of being understood by reasonably well-informed persons in two or more different senses the statute is ambiguous. Ervin v. City of Kenosha, 159 Wis.2d 464,464 N.W.2d 654 (1991). The meaning of the phrase "may exercise the power to veto any increases or decreases in the budget under sub. (6)" is unclear. Certainly, the corporation counsel of Milwaukee County and the corporation counsel of Dane County differed as to its meaning. When a statute is ambiguous, ambiguity should be resolved in a way that gives effect to legislative intent and purpose. Carkel, Inc. v. Lincoln Cir. Ct.,141 Wis.2d 257, 414 N.W.2d 640 (1987). In order to determine that intent and purpose, we should examine the statute's scope, history, context and subject matter. State v. Pham,137 Wis.2d 31, 403 N.W.2d 35 (1987). I agree with your conclusion that the statute's history evidences a legislative *Page 216 
intent to accept the Milwaukee, not the Dane County, interpretation of the veto authority of the county executive.
There is no evidence that the Legislature intended to increase the county executive's existing veto authority in counties with a population of less than 500,000 when it combined the two statutes. The Legislature is presumed to have known that section 59.031 (5) had been interpreted as meaning that a veto did not restore the executive's proposed appropriations. It also knew that section 59.032 (5) had been given a contrary interpretation since it had specifically rejected that interpretation by amending section 59.032 (5). In my opinion the Legislature's repeal of section 59.032 (5) and retention of section 59.031 (5) suggests its acceptance of the Milwaukee County corporation counsel's interpretation of section 59.031 (5) and its rejection of the Dane County corporation counsel's interpretation of section 59.032 (5) as it read before chapter 92, Laws of 1975, was enacted.
There is another compelling reason to interpret section 59.031 (5) as meaning that a veto does not restore the executive's proposed appropriations. Article IV, section 23 of the Wisconsin Constitution provides in part: "[T]he Legislature may provide for the election . . . of a chief executive officer in any county with such powers of an administrative character as they may . . . prescribe." Appropriating funds is quintessentially a legislative, not an administrative, function. Legislative authority rests with the county board. Wis. Const. art. IV, §22; sec. 59.07 (5), Stats.
If section 59.031 (5) is interpreted as meaning that the county executive's veto restores the level of appropriation originally set by the county executive's proposed budget, the statute would purport to give the county executive extra-constitutional "legislative" authority. If section 59.031 (5) is interpreted as meaning that a county executive veto restores the county executive's proposed appropriation, the county executive would be appropriating money without county board action. *Page 217 
Article IV, section 23a of the Wisconsin Constitution provides that if the county executive approves a resolution ordinance
 he shall sign it; if not, he shall return it with his objections, which objections shall be entered at large upon the journal and the board shall proceed to reconsider the matter. Appropriations may be approved in whole or in part by the chief executive officer and the part approved shall become law, and the part objected to shall be returned in the same manner as provided for in other resolutions or ordinances.
The county executive's authority is the authority to veto, not the authority to appropriate. Under article IV, section 23a of the Wisconsin Constitution if the county executive approves the county board appropriation it becomes law; if he or she does not approve, it is returned to the county board for further action and becomes law only if two-thirds of the members override the veto. Nothing in the constitution suggests that a failure to override that veto means that the county executive's proposed appropriation becomes law. Although the county executive's partial veto authority with respect to appropriations is legislative in nature, the authority granted is the authority to change the policy of the law as originally envisaged by the county board. 77 Op. Att'y Gen. 113, 118 (1988). The constitution does not grant the county executive the legislative authority to appropriate funds without county board action.
Given a choice of possible interpretations of a statute, we must select the construction that results in constitutionality rather than possible invalidity. State ex rel. Lynch v. Conta,71 Wis.2d 662, 689, 239 N.W.2d 313 (1976). Interpreting section 59.031 (5) as providing the county executive with the authority to appropriate county funds would raise serious questions about the law's constitutionality. That interpretation, therefore, should be avoided.
JED:AL *Page 218