STATE of Wisconsin EX REL. Bernard K. SIELEN and
Cheryl Sielen, Petitioners-Petitioners,

v.

CIRCUIT COURT FOR MILWAUKEE COUNTY, The Honorable
David V. Jennings, Jr., Presiding, Estate of Marie
Becker, Deceased, Mr. Robert Urban, Attorney for the
Estate, Mr. Ralph Raasch, Special Administrator Mr.
Burton A. Strnad, Attorney for Estate for Will Objec-
tion, Respondents.

Supreme Court

*No. 92–0294–W. Oral argument February 3, 1993.—Decided
May 19, 1993.*

(Also reported in 499 N.W.2d 657.)

For the petitioners-petitioners there were briefs by *Jean M. Ansay* and *Eric E. Eberhardt* and *Runkel, Ansay & Eberhardt,* Port Washington and oral argument by *Jean M. Ansay.*

For the respondent, The Honorable David V. Jennings, Jr., there was oral argument by *Richard A. Perkins,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

For the respondent, Burton A. Strnad, there was a brief by *Burton A. Strnad,* Milwaukee and oral argument by *Burton A. Strnad.*

WILLIAM A. BABLITCH, J. This is a review of the court of appeals' denial of a supervisory writ to compel the appropriate officials of the circuit courts for Milwaukee county to honor Bernard and Cheryl

Sielens' (the Sielens') request for substitution of a judge in probate pursuant to sec. 801.58(5), Stats. The court of appeals denied the supervisory writ concluding that the Sielens' request for substitution was untimely because it was filed after a hearing was held on their motion to compel discovery. There are two issues presented: (1) whether the timing requirement of sec. 801.58(1) that a written request for substitution "shall be filed preceding the hearing of any preliminary contested matters," applies to requests filed under sec. 801.58(5) for substitution of a judge on a single issue in a probate proceeding; and (2) assuming the timing requirement of subsection (1) applies to requests made pursuant to subsection (5), is a hearing on a motion to compel discovery a hearing on a "preliminary contested matter" within the meaning of sec. 801.58(1).

We conclude that the requirement of sec. 801.58(1), Stats., that requests "shall be filed preceding the hearing of any preliminary contested matters" applies to requests made pursuant to sec. 801.58(5). We further conclude that a motion to compel discovery constitutes a "preliminary contested matter" within the meaning of the statute. Accordingly, because the Sielens did not file their request for substitution until after the hearing on their motion to compel discovery, their request for substitution was untimely. We affirm.

The facts relating to the issue of substitution are undisputed. The Sielens were the sole beneficiaries named in the last will and testament of Marie Becker. When objections were filed to the admission of the decedent's will to probate, Attorney Burton Strnad (Strnad) was retained on behalf of the estate. The objections were compromised and settled, without trial, for the sum of $27,000. Strnad submitted to the estate his request for fees of approximately $49,651.

Approximately $30,000 of the requested fees were paid, leaving an amount in dispute of approximately $19,000.[1] The Sielens contested the reasonableness of the attorney's fees.

The probate matter was originally assigned to Judge Robert J. Miech. However, on August 1, 1991, pursuant to judicial rotation, the matter was reassigned to Judge David V. Jennings, Jr. On January 8, 1992, the Sielens filed a motion to compel discovery. A hearing on the motion to compel was held before Judge Jennings on January 23, 1992. With Strnad's knowledge and consent, Judge Jennings spoke privately in his chambers with the Sielens' attorney. The court issued an order granting the Sielens' motion to compel.

The following day, January 24, 1992, the Sielens' attorney filed a motion on behalf of the Sielens to substitute Judge Jennings pursuant to sec. 801.58(5), Stats. The case was not subsequently transferred, and the Sielens filed a petition for supervisory writ of mandamus in the court of appeals. The court of appeals denied the writ concluding that the Sielens' motion for substitution of a judge was not timely filed. Specifically, the court of appeals concluded that sec. 801.58(1)'s requirement that a request be filed "preceding the hearing of any preliminary contested matters" rendered the Sielens' request untimely because the

---

[1] On or about March 18, 1991, the Sielens' counsel filed an objection to a motion brought by Attorney Strnad seeking approximately $19,000, with interest, in attorney's fees. The Sielens' objection states that they "further seek reimbursement of a portion of the monies paid to date." Thus, it appears that the Sielens are contesting a portion of the fees already paid, as well as the $19,000 that remains to be paid. However, the dispute as to the attorney's fees and the amounts in dispute are not relevant to our review.

request was filed after a hearing on their motion to compel discovery. We accepted the Sielens' petition for review.

There are two issues before this court on review: (1) whether the timing requirement of sec. 801.58(1), Stats., that a written request for substitution "shall be filed preceding the hearing of any preliminary contested matters," applies to requests filed under sec. 801.58(5) for substitution of a judge on a single issue in a probate proceeding; and (2) assuming the timing requirement of subsection (1) applies to requests made pursuant to subsection (5), is a hearing on a motion to compel discovery a hearing on a "preliminary contested matter" within the meaning of sec. 801.58(1).

Resolution of these issues involves statutory interpretation. Statutory interpretation is a question of law which this court reviews without deference to the decisions of the lower courts. *State v. Walworth County Circuit Court,* 167 Wis. 2d 719, 723, 482 N.W.2d 899 (1992) "The cardinal rule in all statutory interpretation, as this court has often said, is to discern the intent of the legislature." *Scott v. First State Ins. Co.,* 155 Wis. 2d 608, 612, 456 N.W.2d 152 (1990). This court ascertains that intent by examining the language of the statute and the scope, history, context, subject matter and purpose of the statute. *Id.* In determining the legislature's intent, the court must presume that the legislature intended an interpretation that advances the purposes of the statute. *State v. Zielke,* 137 Wis. 2d 39, 46, 403 N.W.2d 427 (1987). Additionally, in construing a statute we must interpret it in such a way as to avoid an absurd or unreasonable result. *State v. Moore,* 167 Wis. 2d 491, 481 N.W.2d 633 (1992).

Sections 801.58(1) and 801.58(5), Stats., provide respectively in relevant part:

> 801.58(1) Substitution of judge. (1) Any party to a civil action or proceeding may file a written request, signed personally or by his or her attorney, with the clerk of courts for a substitution of a new judge for the judge assigned to the case. The written request shall be filed preceding the hearing of any preliminary contested matters . . . .

> 801.58(5) In addition to other substitution of judge procedures, in probate matters a party may file a written request specifically stating the issue in a probate proceeding for which a request for substitution of a new judge has been made. The judge shall thereupon be substituted in relation to that issue but after resolution of the issue shall continue with the administration of the estate. If a person wishes to file a written request for substitution of a new judge for the entire proceeding, subs. (1) to (4) shall apply.

The Sielens argue that under the express language of sec. 801.58(5) they are entitled to substitute a new judge for Judge Jennings in this probate matter involving a dispute over attorney's fees because subsection (5) places no time constraints on such a request. They note that they requested a substitution of a judge on the single issue involving the reasonableness of attorney's fees; they did not request a substitution of Judge Jennings for the entire probate proceeding. Therefore, they assert, under the specific language of sec. 801.58(5), the provisions of secs. 801.58(1)–(4) are not implicated because they apply only if the request for substitution is for the entire probate proceeding.

In contrast, Strnad and the Milwaukee County Circuit Court (Circuit Court) argue that the Sielens'

interpretation of the statute would lead to the absurd result that in issue specific probate proceedings litigants could seek the substitution of a judge at any time. They insist that the legislature's use of the language "in addition to" in the first sentence of subsection (5) is an introduction that signals additional procedures that will be used in conjunction with those found in secs. 801.58(1)–(4). Thus, according to Strnad and the Circuit Court, the court of appeals correctly interpreted sec. 801.58(5) to include subsection (1)'s requirement that a request for substitution of a judge must be filed before the judge hears any preliminary contested matters.

We agree with Strnad and the Circuit Court that to read the statute as the Sielens suggest would lead to absurd results, a condition we are duty bound to avoid. *See Wis. Environmental Decade v. Public Service Comm.,* 84 Wis. 2d 504, 528, 267 N.W.2d 609 (1978). The construction proffered by the Sielens would allow a litigant to substitute a judge at any time in an issue specific probate proceeding, including in the middle of a trial on a contested issue. We explained in *Serocki v. Clark County Circ. Ct.,* 163 Wis. 2d 152, 156, 471 N.W.2d 49 (1991) that, "[t]he legislative intent is that substitution be requested before the circuit court reaches a substantive issue. A party may not 'test the waters' with a particular circuit judge before requesting substitution." Although our statements in *Serocki* were made in relation to interpreting and discussing sec. 801.58(1), Stats., we think it would be absurd to conclude that the legislature intended to allow litigants in probate proceedings to use substitution in a way that the legislature clearly evinced a public policy against in civil trials. No logical reason exists to explain such a disparity in procedures.

The first sentence of section 801.58(5), Stats., states in part: "In addition to other substitution of judge procedures, in probate matters a party may file a written request for substitution . . . ." The Sielens contend that the "in addition to" language indicates the legislature's intent to provide procedures to be used to the exclusion of the procedures listed before it in subsections (1)–(4). Strnad and the Circuit Court contend that the "in addition to" language is an introduction that signals additional procedures that will be used for the special circumstances that arise in probate; i.e., that a substitution request can be made on a single issue or on an entire proceeding. However, they contend that by using the term "in addition to" the legislature clearly indicated that the procedures specified in subsection (5) are to be used in conjunction with those specified under subsections (1)–(4).

The term "in addition to" can arguably be interpreted as an exclusive term such as "besides," or as a phrase incorporating subsection (5) procedures "together with" the procedures in subsections (1)–(4). However, given that we are to interpret a statute in a way that fulfills its objectives and avoids absurd results as well as interpret each part of a statute in conjunction with others to create a harmonious whole, we conclude that the legislature, at the very least, must have intended the words "in addition to" to refer back to the timing device found in subsection (1) which provides that a request for substitution must be filed before a hearing on a preliminary contested matter.[2]

---

[2] Resolution of this case does not require us to determine the application of other provisions of subsections (1)–(4), Stats., to issue specific substitutions filed pursuant to sec. 801.58(5), and we do not address that issue. We hold only that subsection

*See In Interest of A.L.W.,* 153 Wis. 2d 412, 424, 451 N.W.2d 416 (1990) (the court must consider a statute's scope, history, context, subject matter and objectives to be accomplished); *Environmental Decade,* 84 Wis. 2d at 528 (court must read a statute to avoid an absurd result); *In re Marriage of Levy v. Levy,* 130 Wis. 2d 523, 530, 388 N.W.2d 170 (1985) (court should use each part of a statute in conjunction with the others to create a harmonious whole).

Interpreting sec. 801.58(5), Stats., as being independent of any time constraints would allow litigants to request substitutions at any time in issue specific probate proceedings. For example, as noted earlier, litigants could substitute a judge in the middle of a trial on a contested issue. The Sielens' counsel conceded at oral argument that an interpretation allowing such a result is unreasonable and absurd. "[A] litigant who does not like the way a judge is handling a matter should not be able to substitute a second judge simply because the litigant believes things are going badly before the first judge and hopes to obtain a more favorable tribunal." *Carkel, Inc. v. Lincoln Cir. Ct.,* 141 Wis. 2d 257, 265, 414 N.W.2d 640 (1987).

Given that such a result would be unreasonable, the Sielens' counsel also agreed that even if we accepted her position that subsection (1)'s, Stats., time constraint does not apply, we must nonetheless read into the statute reasonable time limits. The Sielens' counsel also acknowledged that under a reasonableness assessment, at a minimum, the time limit for when a substitution request must be filed is before the start of the contest. If the request must be filed before

---

(1)'s requirement that a substitution request be filed "before a hearing on any preliminary contested matters" applies to issue specific substitutions made pursuant to sec. 801.58(5).

the start of the contest, logically, the question then becomes: What "preliminary matters" begin the contest, and once begun, what matters preclude substitution? Therefore, in essence, the Sielens' position concerning the time limit for filing an issue specific substitution request in probate under sec. 801.58(5) is exactly the same as provided for in subsection 801.58(1); a substitution request must be filed before a hearing on a "preliminary contested matter."

Given the extensive attention the legislature gave to defining the time constraints in subsection (1), Stats., it seems unlikely that the importance it obviously placed on foreclosing substitutions after a litigant has been able to "test the waters" was abandoned in subsection (5) and left for the court to apply a reasonableness test that in actuality would result in the same outcome. A much more reasonable assumption is that the legislature intended the time constraint provided for in subsection (1) to apply "in addition to" the other procedures provided for in subsection (5). We conclude that subsection (1)'s requirement that a request for substitution "shall be filed before a hearing on any preliminary contested matters" applies to requests filed under sec. 801.58(5) for substitution of a judge on a single issue in a probate proceeding.

The Sielens also argue that the last sentence in sec. 801.58(5), Stats., which provides that "[i]f a person wishes to file a written request for substitution of a new judge for the entire proceeding, subs. (1) to (4) apply" would be superfluous if subsections (1)–(4) applied to subsection (5) in general. They argue that the specific reference to subsections (1)–(4) for substitutions on an entire matter, impliedly excludes using

subsections (1)–(4) for issue specific substitutions. We disagree.

Although the rule *expressio unius est exclusio alterius,* or the rule of express mention and implied exclusion has been used by this court, we have emphasized that it is not a " '[p]rocrustean standard to which all statutory language must be made to conform.' " *Columbia Hospital Assoc. v. Milwaukee,* 35 Wis. 2d 660, 669, 151 N.W.2d 750 (1967). Rather, the rule should be employed only as a means of discovering legislative intent, *Gottlieb v. Milwaukee,* 90 Wis. 2d 86, 95, 279 N.W.2d 479 (Ct. App. 1979), and "[f]actually, there should be some evidence the legislature intended its application lest it prevail as a rule of construction despite the reason for and the spirit of the enactment." *Columbia Hospital Assoc.,* 35 Wis. 2d at 669. We conclude that the use of the rule in this case would not comport with the intent of the legislature. As explained earlier, to read the statute as the Sielens suggest, as providing no time limits for issue specific substitution requests under subsection (5), Stats., would lead to unreasonable and absurd results which the legislature could not have intended. A more reasonable reading of the statute is that in providing the last sentence in subsection (5), the legislature intended to make it clear that in probate proceedings a substitution request can be made for the entire proceeding, as well as for a specific issue. Without the last sentence, litigants might believe that in probate proceedings substitution requests can only be made for each issue, rather than for an entire proceeding.

In summary, we conclude that sec. 801.58(1)'s, Stats., requirement that a request for substitution "shall be filed before a hearing on any preliminary con-

tested matters" applies to requests filed under sec. 801.58(5) for substitution of a judge on a single issue in a probate proceeding. Having reached this conclusion, we must now determine whether a hearing on a motion to compel discovery constitutes a hearing on a "preliminary contested matter" within the meaning of the statute.

Concerning the meaning of the phrase "preliminary contested matter," we have explained:

> The requirement in sec. 801.58(1) that a party may not request substitution after it has presented its views in a preliminary contested matter is a codification of our decision in *Pure Milk Products Co. v. NFO,* 64 Wis. 2d 241, 219 N.W.2d 564 (1974). In that case the court said that a party may waive the right to substitution by participating in preliminary matters where evidence is received which goes to the merits of the case. *Jiracek, supra* 108 Wis. 2d at 694. By amending sec. 801.58(1) to incorporate the *Pure Milk* decision, the legislature expressly stated its intent to disallow a party from 'testing the waters' and then requesting substitution. *Carkel,* 141 Wis. 2d at 265.

The Sielens argue that the hearing on the motion to compel discovery was not a preliminary contested matter because no evidence was received at the hearing. Strnad and the Circuit Court contend that the fact that no one testified at the hearing is not dispositive. Rather, the dispositive question is whether the hearing concerned a substantive issue which went to the merits of the case. Specifically, they contend that although no one testified at the motion to compel, the outcome of the motion could have directly affected the presentation of the case and thus was a "preliminary contested matter." We agree with Strnad and the Circuit Court.

■

In resolving the motion to compel discovery, the circuit court had at its disposal the power to use the " 'sanctions necessary to deter parties from either unjustifiably evading full disclosure or simply refusing to respond to discovery at all.' " *Jenzake v. City of Brookfield,* 108 Wis. 2d 537, 542, 322 N.W.2d 516 (Ct. App. 1982). For example, the circuit court had the power to hold certain facts established or to preclude the introduction of certain evidence. *Id.* The use of either of these powers could have implicated the merits of the case. In fact, in a motion to compel discovery, the judge could impose a sanction that precludes a party from submitting any evidence, a sanction which obviously implicates the merits of the case in that it likely disposes of the case. Allowing a request for substitution after a hearing on a motion to compel discovery would allow a party to inappropriately "test the waters" before a particular judge and then seek substitution. Thus, we conclude that a hearing on a motion to compel discovery is a hearing on a preliminary contested matter within the meaning of sec. 801.58(1), Stats. Accordingly, because the Sielens did not file their request for substitution until after the hearing on their motion to compel discovery, their request for substitution was untimely. We affirm.

*By the Court.*—The decision of the court of appeals is affirmed.