STATE of Wisconsin EX REL. The CINCINNATI INSUR-
ANCE COMPANY, Petitioner,

v.

CIRCUIT COURT FOR MILWAUKEE COUNTY, the Honor-
able Dominic Amato, presiding, The Honorable
Michael J. Skwierawski, Chief Judge, First Judi-
cial Circuit, Hidden Oaks Homeowners Assoc.,
Gerald Nagel, Cindy Nagel, Hollie Jambretz, Ann
Philips, Ray Maciejewski, Tina Stewart, Ronald
Will, Bernie Will, Patricia Reilly, Carol Molling,
Tari Garnaas, Richard Tabbert, Laverne Tabbert,
Darlene Jaskowiak, Lorraine Tollefsrud, Esther
Pliszka, Max Boschke, Angelina Boschke, Frank
Rondinelli, Mary Rondinelli, Mary Ann Wehner,
Ron Scott, Carol Scott, Betty Schleck, Carol
Rouillier, Norb Putz, Gary Loehrer, Patricia Loe-
hrer, Ceil Mueller, James Schulte, Sheila Schulte,
Jacob Stasek, Kathleen Stasek, Audrey Schmidt,
Ray Reiman, Geri Reiman, Lou Birchbauer, Mari-
lyn Birchbauer, Gloria Bruss, Edward Grzegorski,
Judy Grzegorski, Milt Baggenstoss, Judy
Baggenstoss, Anthony Napoli, Margaret Napoli,
Albert Yaccarino, Barbara Yaccarino, Old Tuck-
away Assoc. Limited Partnership, Affiliated Capi-
tal Corporation, Capital Associates, Ltd., Fred
Loeb and Continental Casualty Company,
Respondents.

Supreme Court

99

*No. 02–2756–W. Oral argument April 9, 2003.—Decided June 18, 2003.*

2003 WI 57

(Also reported in 663 N.W.2d 275.)

For the petitioner there was a brief by *Mark W. Rattan, Lynne M. Mueller,* and *Litchfield Cavo,* Shorewood, and oral argument by *Lynne M. Mueller.*

For the respondent, Circuit Court for Milwaukee County, the cause was argued by *David C. Rice,* assistant attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. The Cincinnati Insurance Company has petitioned this court for a supervisory writ directing the chief judge for the first judicial administrative district (Milwaukee County), the Honorable Michael J. Skwierawski, to honor Cincinnati Insurance's request for a substitution of judge pursuant to Wis. Stat. § 801.58 (2001–2002).[1]

¶ 2. The question of law presented is whether Cincinnati Insurance is "united in interest" with another insurance company, Continental Casualty Company, for purposes of Wis. Stat. § 801.58(3) so that they are entitled to only one substitution request between them. We hold that because the two insurance companies' policies were in effect on different dates and provide different types of coverages, these two insur-

---

[1] All subsequent references to the Wisconsin Statutes are to the 2001–2002 version unless otherwise indicated.

ance companies have directly adverse interests in the present case, and that Cincinnati Insurance and Continental Casualty are not united in interest for purposes of § 801.58(3). We therefore grant Cincinnati Insurance's petition for a supervisory writ directing the chief judge for the first judicial administrative district to honor Cincinnati Insurance's substitution request.

¶ 3. The facts underlying the substitution request are undisputed. Hidden Oaks Homeowners' Association and 47 individual owners of condominiums in the Hidden Oaks Condominium development brought suit against four defendants who are the developers and sellers of Hidden Oaks.[2] The complaint alleges over thirty causes of action including misrepresentation and construction defects. The complaint does not allege the dates on which injuries occurred or damages arose.

¶ 4. The defendants in the Hidden Oaks case brought a third-party complaint against Continental Casualty Company and Cincinnati Insurance Company. The defendants in the Hidden Oaks case are named insureds on a series of insurance policies issued by Continental Casualty beginning December 31, 1996, and lasting through December 31, 1999. The defendants are also named insureds on a series of insurance policies issued by Cincinnati Insurance beginning December 31, 1999, and lasting through December 31, 2003.

¶ 5. The Hidden Oaks lawsuit was originally assigned to Judge Thomas Cooper of the Milwaukee County Circuit Court. On May 23, 2002, Continental Casualty filed a request for substitution pursuant to

---

[2] The four defendants are Old Tuckaway Associates, Ltd.; Affiliated Capital Corporation; Capital Associates, Ltd.; and Fred Loeb.

Wis. Stat. § 801.58. The request was granted and the case was reassigned to Judge Dominic S. Amato of the Milwaukee County Circuit Court.

¶ 6. Cincinnati Insurance then filed its own request for substitution under § 801.58 on June 5, 2002. Judge Amato denied Cincinnati Insurance's request on the ground that Cincinnati Insurance was united in interest with Continental Casualty within the meaning of § 801.58(3) and thus was barred from filing a substitution request in the present case.

¶ 7. Pursuant to Wis. Stat. § 801.58(2), Cincinnati Insurance requested that Judge Skwierawski, chief judge of the first judicial administrative district, review Judge Amato's decision to deny Cincinnati Insurance's substitution request.[3] The chief judge affirmed the decision, agreeing with Judge Amato that the two insurance companies were united in interest because they are "clearly pleading along parallel, if not united, lines on a number of issues."

¶ 8. Cincinnati Insurance then petitioned the court of appeals for a supervisory writ ordering the chief judge to honor its request for substitution. The court of appeals denied Cincinnati Insurance's petition for a supervisory writ, holding that Cincinnati Insurance had failed to carry its burden of showing that it was not united in interest with Continental Casualty.[4]

---

[3] Wisconsin Stat. § 801.58(2) provides, in relevant part: "If the judge named in the substitution request finds that the request was not timely and in proper form, that determination may be reviewed by the chief judge of the judicial administrative district . . . ."

[4] The court of appeals concluded that "Cincinnati has not carried its burden . . . . Cincinnati's bald assertions that its policies were in effect at dates different from those of Continental Casualty's and that its policies differed from Continental

103

¶ 9. Cincinnati Insurance now comes before this court seeking a supervisory writ directing that its request for a substitution of judge be granted.[5] The issue presented is one of statutory interpretation, requiring that we interpret "united in interest" in Wis.

Casualty's is not sufficient to demonstrate that the circuit court was required to grant the substitution request." *State of Wisconsin ex rel. The Cincinnati Ins. Co. v. Circuit Court for Milwaukee County,* No. 02–1902–W, unpublished slip op. at 4 (Wis. Ct. App. Sept. 18, 2002).

In oral argument before this court, counsel for Cincinnati Insurance surmised that the court of appeals concluded that Cincinnati Insurance failed to meet its burden because it failed to include in its petition to the court of appeals all of the pleadings necessary to clarify the differences in coverage between the two insurance companies. Cincinnati Insurance's brief here does include this information.

[5] Article VII, Section 3(1), of the Wisconsin Constitution states that "[t]he supreme court shall have superintending and administrative authority over all courts."

Depending on the circumstances, a party seeking review in this court of a court of appeals' decision on a petition for a supervisory writ regarding substitution may file either a petition for review or a petition for supervisory writ. *See* Wis. Stat. § 809.71; Judicial Council Committee's Note, 1981, § 809.71, Stats.

In considering the petition and response, this court determined that Cincinnati Insurance made a sufficient showing to justify treating this petition as a petition for supervisory writ rather than as a petition for review and that the court should order oral argument on the merits of the petition for supervisory writ. *See, e.g., State ex rel. J.H. Findorff & Son, Inc. v. Circuit Court for Milwaukee County,* 2000 WI 30, 233 Wis. 2d 428, 608 N.W.2d 679 (reviewing a court of appeals decision on substitution brought to this court on a petition for review).

Stat. §§ 801.58(3) and determine whether the two insurance companies are "united in interest" under the substitution statute in the present case.

¶ 10. Wisconsin Stat. § 801.58 establishes the procedure for substitution of a judge in a civil case.[6] Section 801.58(1) states that a party to a civil action may file a written request for substitution of the judge assigned to the case and sets out time constraints for filing the request.[7] If the request is timely filed within the limits set forth in § 801.58(1), and is in the proper form, § 801.58(2) directs that "the clerk shall request the assignment of another judge."[8] Under § 801.58(3) a

---

[6] The Wisconsin statutes permitting substitution without proof of, or a determination of, a judge's prejudice date back to 1853. For a discussion of the history of statutes governing substitution, *see Findorff,* 233 Wis. 2d 428, ¶ 24; *State v. Holmes,* 106 Wis. 2d 31, 315 N.W.2d 703 (1982).

[7] Wisconsin Stat. § 801.58(1) provides, in relevant part:

(1) Any party to a civil action or proceeding may file a written request, signed personally or by his or her attorney, with the clerk of courts for a substitution of a new judge for the judge assigned to the case. The written request shall be filed preceding the hearing of any preliminary contested matters and, if by the plaintiff, not later than 60 days after the summons and complaint are filed or, if by any other party, not later than 60 days after service of a summons and complaint upon that party. If a new judge is assigned to the trial of a case, a request for substitution must be made within 10 days of receipt of notice of assignment, provided that if the notice of assignment is received less than 10 days prior to trial, the request for substitution must be made within 24 hours of receipt of the notice and provided that if notification is received less than 24 hours prior to trial, the action shall proceed to trial only upon stipulation of the parties that the assigned judge may preside at the trial of the action.

[8] Wisconsin Stat. § 801.58(2) provides, in relevant part:

(2) When the clerk receives a request for substitution, the clerk shall immediately contact the judge whose substitution has been

party is allowed only one substitution request in any action and "parties united in interest and pleading together shall be considered as a single party."[9] Section 801.58(3) reads, in pertinent part:

> [N]o party may file more than one such written request in any one action, nor may any single such request name more than one judge. For purposes of this subsection parties united in interest and pleading together shall be considered as a single party, but the consent of all such parties is not needed for the filing by one of such party of a written request.

¶ 11. No dispute exists in the present case that Cincinnati Insurance's substitution request was filed within the time limit and in the proper form. The sole issue, therefore, is whether Cincinnati Insurance and Continental Casualty are "united in interest and pleading together" such that they constitute a single party under Wis. Stat. § 801.58(3) and are thus entitled to one motion for substitution between them. Although Wis. Stat. § 801.58(3) considers multiple parties that are "united in interest *and pleading together*" to be a single party, the court order accepting Cincinnati Insurance's petition for a supervisory writ limited arguments to the meaning of the term "united in interest."

¶ 12. Interpretation of the phrase "united in interest" in Wis. Stat. § 801.58(3) presents a question of law that this court reviews independently of the circuit court and court of appeals but with the benefit of their

requested for a determination of whether the request was made timely and in proper form. If the request is found to be timely and in proper form, the judge named in the request has no further jurisdiction and the clerk shall request the assignment of another judge under *s. 751.03*.

[9] Wis. Stat. § 801.58(3).

analyses. The burden is on Cincinnati Insurance, as the party seeking substitution, to demonstrate that it is not united in interest with Continental Casualty.[10]

¶ 13. This court discussed the meaning of the phrase "united in interest" under Wis. Stat. § 801.58(3) in *State ex rel. Carkel, Inc. v. Circuit Court for Lincoln County,* 141 Wis. 2d 257, 414 N.W.2d 640 (1987). The *Carkel* court wrote that there is no single definition of the phrase "united in interest" and did not define the scope of the phrase.[11] The *Carkel* court held, however, that the director, president, and sole shareholder of a corporation and the corporation itself, on the facts of the case, had identical interests and were united in interest for purposes of § 801.58(3) despite the fact that the director was a plaintiff to the underlying litigation and the corporation was named as a defendant.[12] We concluded in *Carkel* that "the substance of the parties' interests" and not the form of the pleadings governs the applicability of § 801.58.[13]

¶ 14. The conclusion in *Carkel* that the director and his corporation had identical interests and were united in interest under Wis. Stat. § 801.58(3) rested on the alignment of a series of facts. First, the director and the corporation, as a unit, shared the benefit of the contract forming the basis for the underlying litigation. Second, the amended complaint adding the corporation as a defendant made no claim and sought no relief from the corporation. Third, the same attorney represented

---

[10] *State ex rel. Carkel, Inc. v. Circuit Court for Lincoln County,* 141 Wis. 2d 257, 266, 414 N.W.2d 640 (1987).

[11] *Id.* at 267.

[12] *Id.* at 267–68.

[13] *Id.* at 269.

both the director and the corporation in the litigation. From these facts, we concluded, the parties had identical interests.

¶ 15. In contrast, the facts in the case at hand demonstrate that Cincinnati Insurance and Continental Casualty's interests are far from united. First and foremost, the two insurance companies' policies were in effect at different times. Since none of the 48 plaintiffs in this case have specified in their complaint when any injuries or damages occurred, a determination will have to be made regarding when each respective claim arose for each of the different plaintiffs. As Cincinnati Insurance argues, the two insurance companies are diametrically opposed to each other because their policy periods do not overlap and each wants the court to determine that damages were incurred during the other insurance company's respective policy period.

¶ 16. Second, Cincinnati Insurance and Continental Casualty issued different types of policies to the defendants during their respective periods of coverage. Continental Casualty issued policies providing inland marine and first party property coverage. Cincinnati Insurance, during its period of coverage, issued policies providing general liability coverage as well as umbrella policies. The result of these differing types of coverage is that Cincinnati Insurance and Continental Casualty have pled separate defenses unique to the policies each issued.[14]

---

[14] For example, Cincinnati Insurance alleges that it has no obligation to defend or indemnify the defendants because the complaint does not seek damages because of "bodily injury" or "property damage" within the meaning of its policies; Continental Casualty alleges that there is no coverage under any of its policies to the extent that the defendants failed to comply with their notice requirements.

¶ 17. Cincinnati Insurance and Continental Casualty do share some interests in the case at hand. For example, both insurance companies would benefit from a finding that the defendants are not liable for the injuries alleged and both insurance companies would benefit from findings that, where liability is found, the amount of damage caused was minimal. Thus, it is not surprising, as Chief Judge Skwierawski noted, that Cincinnati Insurance and Continental Casualty have asserted some common defenses, including failure to state a claim upon which relief can be granted, failure to mitigate damages, and statute of limitations.[15]

¶ 18. These common interests, however, do not amount to "united in interest" for purposes of Wis. Stat. § 801.58. Cincinnati Insurance and Continental Casualty are not even similarly interested in and will not be similarly affected by the court's determination of when damages occurred.[16] In fact, the court's determination of dates will oppositely affect the two parties, eliminating the possibility of coverage by one insurance company and raising the possibility of coverage by the

[15] The chief judge found that Cincinnati Insurance had adopted and incorporated several affirmative defenses raised by Continental Casualty. Cincinnati Insurance's counsel stated at oral argument that this finding was erroneous, and that, in fact, Cincinnati Insurance had adopted the affirmative defenses of the defendants in the underlying case, not those asserted by Continental Casualty. The record supports counsel's statement and counsel for the circuit court conceded as much at oral argument. *See* Third-party Defendant Cincinnati Insurance Company's Answer and Affirmative Defenses at 5.

[16] The *Carkel* decision took guidance from Black's Law Dictionary, which defined parties as united in interest "when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action." *Carkel,* 141 Wis. 2d at 267.

other.[17] Thus, we conclude that the interests of the two companies are directly adverse to each other, and unlike in *Carkel,* an attorney would probably be unable, without adhering to the requirements of SCR 20:1.7, to represent both insurance companies in the present litigation.[18]

¶ 19. On the basis of these facts, that is, that the two insurance companies' policies were in effect on different dates and provided different types of coverages, we conclude that Cincinnati Insurance and Continental Casualty have directly adverse interests in the present case and that the two insurance companies are therefore not united in interest in the present case.[19]

¶ 20. For the reasons stated above, we grant Cincinnati Insurance's petition for a supervisory writ and order the chief judge for the first judicial district to grant Cincinnati Insurance's request for a substitution of judge.

---

[17] *Cf. Miller Brewing Co. v. LIRC,* 173 Wis. 2d 700, 722, 495 N.W.2d 660 (1993) (holding that the interests of two insurance companies were "adverse" under Wis. Stat. § 102.23(1)(a) (1989–1990) relating to workers compensation "when the respective liability of the two insurance companies depends on the determination of the date of injury").

[18] *See* SCR 20:1.7(a), governing conflict of interest.

[19] No evidence exists in the present case, as there was in *Carkel,* that the two parties worked together to defeat the statutory limits on substitution requests under Wis. Stat. § 801.58(3). *See Carkel,* 141 Wis. 2d at 268 (concluding that the plaintiff and one defendant were united in interest, in part, because the record suggested that the plaintiff may have named a corporation—of which he was the director, president, and sole shareholder—as a defendant rather than as a plaintiff in order to allow the corporation to seek substitution of the judge).

*By the Court.*—The petition for supervisory writ is granted and the cause remanded to the circuit court for further proceedings consistent with this opinion.

¶ 21. JON P. WILCOX, J. *(concurring).* I agree with the court's analysis and holding in the present case. I write separately to emphasize that this court's decision should not be viewed as expanding substitution.

¶ 22. Wisconsin Stat. § 801.58 (2001–2002), which governs substitution of judges, makes clear that substitution is to be granted under limited circumstances. Section 801.58(1) includes time limits for requests and further, as noted by this court, "[t]he purpose behind sec. 801.58(3) is to limit substitution requests to 'one per side.' " *State ex rel. Carkel, Inc. v. Circuit Court for Lincoln County,* 141 Wis. 2d 257, 265, 414 N.W.2d 640 (1987). Under § 801.58(3), "parties united in interest and pleading together shall be considered as a single party."

¶ 23. This court's decision interprets "united in interest" under the circumstances presented and appropriately holds that because Continental Insurance Company and Cincinnati Insurance Company provided different types of policies during different periods of time, the companies were each entitled to request substitution. It is the particular circumstances presented that make substitution appropriate. As discussed by the court, in contrast to the facts presented in *Carkel,* we find in the present case that the companies have directly adverse interests based on the different types of coverage and periods of coverage provided by each carrier. Majority op., ¶ 18. In ¶¶ 16–17, the court notes that the parties have some common interests, but finds that these interests are insufficient because the

parties would be oppositely affected by the court's determination of when the damages occurred.

¶ 24. Courts should be wary of cases in which the different interests alleged may be merely facial. It is rare for parties to share exactly the same interests in an action. Based on the language of this case, parties may attempt to emphasize their differences in order to get additional substitutions. Today's decision should be read to mean that courts facing multiple substitution requests in the same case should carefully examine the facts and circumstances to determine whether parties are, in fact, united in interest, or have directly adverse interests that require allowance for multiple substitutions. The rule has been, and remains, "one per side."