STATE of Wisconsin, Plaintiff-Respondent,

v.

Randall J. SCHUMAN, Defendant-Appellant.†

Court of Appeals

*No. 94–0017–CR. Submitted on briefs June 7, 1994.—Decided June 28, 1994.*

(Also reported in 520 N.W.2d 107.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Geoffrey A. Sparks* of Marinette.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Maureen McGlynn Flanagan,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Randall Schuman appeals a judgment sentencing him under § 346.65(2)(c), STATS., for operating a motor vehicle while intoxicated and operating with a blood alcohol level in excess of the legal limit (OWI), § 346.63(1)(a) and (b), STATS. Section 346.65(2)(c) governs persons who violate § 346.63 three times. Schuman contends that under the ex post facto clauses of the state and federal constitutions, the use of his tribal court conviction for violating § 346.63 cannot be used against him because § 343.307(1)(b), which authorizes use of the tribal court conviction when applying § 346.65, was amended to do so after Schuman's tribal conviction. Because the amendment does not increase the punishment for Schuman's OWI tribal conviction after its commission, but merely punishes his subsequent crime more severely based on his tribal conviction, we reject Schuman's argument and affirm the judgment.

Schuman was arrested in March 1993 for drunk driving. In April 1993, a criminal complaint was filed charging Schuman with operating a motor vehicle while under the influence of an intoxicant and operating with a prohibited blood alcohol concentration. Both of these were third offenses; Schuman was convicted of the same offenses in January 1991, in the Lac du Flambeau tribal court, and in February 1992 in Vilas County.

At the motion hearing and again at the trial, Schuman filed motions alleging that using the tribal court conviction to enhance his current charges to a third offense constituted an ex post facto violation. The trial court found that there was no ex post facto violation. Schuman was then convicted and sentenced under § 346.65(2)(c), STATS. The trial court imposed the mini-

mum jail time, fines and license suspension for a third offense. This appeal followed.

The penalty provisions for OWI, third offense, are set out in § 346.65(2)(c), STATS.[1] The number of prior convictions that may be counted for purposes of § 346.65(2) is governed by § 343.307, STATS. Section 343.307 was amended in August 1991, after Schuman's tribal conviction, to authorize the trial court to count prior convictions under "a law of a federally recognized American Indian tribe or band in this state . . . in conformity with s. 346.63(1)." 1991 WIS. ACT 39, §§ 3177c and 3178c. Although the amendment first applied to offenses committed on or after August 15, 1991, the session laws creating the current § 343.307(2) expressly contemplate that earlier tribal OWI convictions are to be counted for purposes of sentencing offenses committed after that date. *See* 1991 WIS. ACT 39, § 9355(7cn); 1991 WIS. ACT 277, § 64(1).

Schuman contends that the amendment inflicts a greater punishment on him for his tribal conviction, and therefore violates the ex post facto provisions of the state and federal constitutions. *See* U.S. CONST. Art. I, §§ 9 & 10; WIS. CONST. Art I, § 12. Under both the state and federal constitutions, the legislature is forbidden from enacting ex post facto laws. *Id*. Within the scope of this constitutional protection:

---

[1] Section 346.65(2), STATS., provides that "any person violating s. 346.63(1)":

> (c) Shall be fined not less than $600 nor more than $2,000 and imprisoned for not less 30 days nor more than one year in the county jail if the total number of . . . convictions counted under s. 343.307(1) equals 3 in a 5-year period, except that . . . convictions arising out of the same incident or occurrence shall be counted as one.

When a criminal defendant raises Ex Post Facto Clause concerns with respect to the application of new law, courts must look to see whether the application violates one or more of that clause's recognized protections. Specifically, the court must determine whether the new law criminalizes conduct that was innocent when committed, increases the penalty for conduct after its commission, or removes a defense that was available at the time the act was committed.

*State v. Kurzawa*, 180 Wis. 2d 502, 512-13, 509 N.W.2d 712, 716 (1994); *see also Collins v. Youngblood*, 497 U.S. 37, 52 (1990). "[O]ne of the fundamental aspects of ex post facto analysis [is] its focus on changes in the law relative to the time of the defendant's allegedly illegal behavior." *Kurzawa*, 180 Wis. 2d at 513, 509 N.W.2d at 716. "That focus arises from the clause's animating principle, namely that 'persons have a right to fair warning of that conduct which will give rise to criminal penalties.' " *Id.* (quoting *Marks v. United States*, 430 U.S. 188, 192 (1977)).

While Schuman contends that he is being retroactively punished more severely for his tribal OWI conviction as a result of the subsequent amendment to § 343.307(2), STATS., we conclude that the amendment did not increase Schuman's punishment for the tribal offense, but increased his punishment for his present offense because it was a third offense. Such legislation, creating penalty enhancers for crimes committed after the legislation becomes effective, does not run afoul of the ex post facto clause's "animating principle;" the offender is given a fair warning that subsequent offenses will be more severely punished as a result of their prior offenses. This principle is "premised on the

right to know how to conform one's conduct to the law, and the consequences of not doing so, at the time one engages in that conduct." *Kurzawa*, 180 Wis. 2d at 513, 509 N.W.2d at 717. At the time that Schuman engaged in the conduct that led to his third OWI conviction, § 343.307(2) was valid law which gave Schuman fair warning that he could be punished as a third time offender if he did not conform his conduct so as to prevent an additional conviction for OWI.

This case is analogous to *Gryger v. Burke*, 334 U.S. 728 (1948). In *Gryger*, the petitioner received a life sentence as an habitual criminal. The Supreme Court concluded:

> Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Id.* at 732. Similarly, Schuman's sentence as a third offender is not an additional, retroactive, penalty for the tribal court conviction, but a stiffer penalty for the latest crime. Accordingly, § 343.307(2), STATS., which was amended to allow tribal convictions to be used as prior offenses, does not violate the ex post facto clauses of the federal and state constitutions.

*By the Court.*—Judgment affirmed.