# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP2142 |

COMPLETE TITLE: In re the commitment of Tavodess Matthews:

State of Wisconsin,
　　　　Petitioner-Respondent,
　　v.
Tavodess Matthews,
　　　　Respondent-Appellant-Petitioner.

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 392 Wis. 2d 715 946 N.W.2d 200
PDC No:2020 WI App 33 - Published

| | |
|---|---|
| OPINION FILED: | May 14, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 22, 2021 |

SOURCE OF APPEAL:
| | |
|---|---|
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Maxine A. White |

JUSTICES:
DALLET, J., delivered the majority opinion for a unanimous Court.
NOT PARTICIPATING:

ATTORNEYS:
For the respondent-appellant-petitioner, there were briefs filed by *Dustin C. Haskell*, assistant state public defender. There was an oral argument by *Dustin C. Haskell*.

For the petitioner-respondent, there was a brief filed by *Sara Lynn Shaeffer*, assistant attorney general; with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Sara Lynn Shaeffer*.

No. 2018AP2142
(L.C. No. 2018CI3)

STATE OF WISCONSIN : IN SUPREME COURT

**In re the commitment of Tavodess Matthews:**

**State of Wisconsin,**

Petitioner-Respondent,

v.

**Tavodess Matthews,**

Respondent-Appellant-Petitioner.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

**FILED**

**May 14, 2021**

Sheila T. Reiff
Clerk of Supreme Court

DALLET, J., delivered the majority opinion for a unanimous Court.

REVIEW of a decision of the Court of Appeals. *Reversed and cause remanded*.

¶1 REBECCA FRANK DALLET, J. This case is about whether Tavodess Matthews timely requested a judicial substitution under Wis. Stat. § 801.58(1) (2019-20).[1] Section 801.58(1) entitles a party in a civil case to substitute the assigned circuit court judge if, among other things, that party files a written

---

[1] All subsequent references to the Wisconsin Statutes are to the 2019-20 version unless otherwise indicated.

substitution request before "the hearing of any preliminary contested matters." Matthews filed his substitution request after the circuit court granted his motion to adjourn a scheduled probable cause hearing under Wis. Stat. ch. 980. We hold that Matthews' substitution request was timely because his motion to adjourn is not a "preliminary contested matter" per that phrase's accepted legal meaning and the circuit court heard no other such matter before Matthews filed his request. Accordingly, we reverse the court of appeals.

I

¶2    This case arises from the early stages of proceedings to commit Matthews as a sexually violent person under Wis. Stat. ch. 980.[2]    After the State files a petition to commence ch. 980 proceedings, the circuit court must "hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person." Wis. Stat. § 980.04(2).    The circuit court must hold a probable cause hearing for a person already in the State's custody "no later than 10 days after the person's scheduled release or discharge date." Id.    If the court determines that there is probable cause to believe that the person is sexually violent, then the Department of Health Services evaluates the person to determine

---

[2] Although commitment proceedings under Wis. Stat. ch. 980 resemble criminal proceedings in some respects, they are civil actions. See State v. Carpenter, 197 Wis. 2d 252, 541 N.W.2d 105 (1995).    Thus, the civil judicial substitution statute, Wis. Stat. § 801.58(1), applies. See State v. Brown, 215 Wis. 2d 716, 573 N.W.2d 884 (Ct. App. 1997).

2

whether that is in fact the case. § 980.04(3). Otherwise, the circuit court must dismiss the petition. Id.

¶3 Here, after the State filed its ch. 980 petition, the circuit court set a probable cause hearing for August 15, 2018 (eight days after Matthews' scheduled release from the Green Bay Correctional Institution), and appointed two attorneys to represent Matthews. Matthews' attorneys met with him for the first time on the morning of the probable cause hearing. That same morning, Matthews' attorneys told the State they intended to ask the circuit court to adjourn the hearing because they needed more time to prepare. As a result, the State told its sole witness not to appear.

¶4 At the outset of the probable cause hearing, the circuit court acknowledged that the parties were "not going forward with the hearing."[3] Matthews' counsel requested additional time to prepare, noting that Matthews had no objection to rescheduling the hearing outside of the 10-day window required under Wis. Stat. § 980.04(2). The State objected to the adjournment "for the record," but admitted that it was "in a somewhat difficult position" as it had let go of its witness for the day. Despite its "disappointment," the circuit court agreed to reschedule the hearing so long as Matthews waived his statutory right to a probable cause determination within 10 days of his scheduled release. Matthews

---

[3] The Honorable Michelle A. Havas of the Milwaukee County Circuit Court presided.

3

did so, and the circuit court rescheduled the hearing for August 29.

¶5 The morning of the rescheduled hearing, Matthews' counsel filed a written request under Wis. Stat. § 801.58(1) to substitute the circuit court judge. Section 801.58(1) provides that a party in a civil action, such as a ch. 980 commitment proceeding, may request to substitute the circuit court judge before "the hearing of any preliminary contested matters" but "not later than 60 days after the summons and complaint are filed." § 801.58(1). Matthews argued that his motion was timely because he filed it only 33 days after the State filed its ch. 980 petition and, since the circuit court had not actually commenced the probable cause hearing, it had not yet heard a "contested matter." The circuit court disagreed, finding Matthews' request untimely because the State's objection to Matthews' motion to adjourn rendered the matter "contested." The circuit court also noted that it had made the "substantive decision" to accept Matthews' time-limit waiver, so it was too late for Matthews to request a substitution. Upon review,[4] Chief Judge Maxine A. White of the Milwaukee County Circuit Court agreed with the circuit court's determination, explaining that Matthews' time waiver constituted a preliminary contested matter.

---

[4] See Wis. Stat. § 801.58(2).

4

¶6 The court of appeals accepted Matthews' interlocutory appeal and affirmed the circuit court's ruling.[5] State v. Matthews, 2020 WI App 33, 392 Wis. 2d 715, 946 N.W.2d 200. Relying mainly upon Sielen[6] and Galaxy Gaming,[7] the court of appeals reasoned that the circuit court had heard a preliminary contested matter when it granted Matthews' motion to adjourn the probable cause hearing because the circuit court could have denied Matthews' motion and held the hearing——a decision that would have "obviously implicated the merits." Id., ¶19 (quoted source omitted). The court of appeals explained that both the scheduled probable cause hearing and Matthews' motion to adjourn that hearing were, in a literal sense, "contested": Matthews and the State disagreed about whether there was probable cause to commit Matthews and the State objected to Matthews' motion to adjourn the hearing. See id. The court of appeals therefore held that the circuit court had heard a preliminary contested matter prior to Matthews' judicial substitution request, rendering that request untimely. We granted Matthews' petition for review.

---

[5] A party must receive leave from the court of appeals to appeal a non-final circuit court order. See Wis. Stat. § 808.03.

[6] State ex rel. Sielen v. Cir. Ct. for Milwaukee Cnty., 176 Wis. 2d 101, 499 N.W.2d 657 (1993).

[7] DeWitt Ross & Stevens, S.C. v. Galaxy Gaming & Racing Ltd. P'ship, 2003 WI App 190, 267 Wis. 2d 233, 670 N.W.2d 74, rev'd in part on other grounds, 2004 WI 92, 273 Wis. 2d 577, 682 N.W.2d 839.

II

¶7 This case turns on our interpretation of Wis. Stat. § 801.58(1), which is a question of law that we review de novo. See Moreschi v. Vill. of Williams Bay, 2020 WI 95, ¶13, 395 Wis. 2d 55, 953 N.W.2d 318. In relevant part, § 801.58(1) provides as follows:

> Any party to a civil action or proceeding may file a written request . . . for a substitution of a new judge for the judge assigned to the case. The written request shall be filed preceding the hearing of any preliminary contested matters and, if by the plaintiff, not later than 60 days after the summons and complaint are filed . . . .

¶8 Our focus here is specifically on the phrase "the hearing of any preliminary contested matters," which both parties recognize as the crux of the case. Matthews maintains that we have previously held that only substantive issues are preliminary contested matters. According to Matthews, a motion to adjourn a probable cause hearing is not a substantive issue; therefore, it is not a preliminary contested matter. He also argues that a party timely files a substitution request if it does so before the circuit court actually hears a substantive issue. The State counters that the circuit court held a hearing on a preliminary contested matter when it commenced what was scheduled to be a probable cause hearing. The State asserts that because Matthews filed his substitution request after he appeared at that hearing, his substitution request was untimely.

¶9 We resolve this dispute first by interpreting the phrase "preliminary contested matters" and then by analyzing

6

what it means for there to be "the hearing of" such matters. The goal of statutory interpretation is to give the statutory text its "full, proper, and intended effect." State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. We generally give words their common, everyday meaning, "but we give legal terms of art their accepted legal meaning." Estate of Matteson v. Matteson, 2008 WI 48 ¶22, 309 Wis. 2d 311, 749 N.W.2d 557; Wis. Stat. § 990.01(1). When the legislature adopts a phrase from the common law that has a specific legal meaning and does not otherwise define it, we presume that the legislature adopts the phrase's specific legal meaning. Bank Mut. v. S.J. Boyer Constr., Inc., 2010 WI 74, ¶39, 326 Wis. 2d 521, 785 N.W.2d 462; see also Strenke v. Hogner, 2005 WI 25, ¶28, 279 Wis. 2d 52, 694 N.W.2d 296 (explaining that when the legislature uses a "specific common law phrase," we presume it does so with "full knowledge" of that phrase's meaning). That principle applies with at least equal force when the legislature amends a statute to incorporate language from one of this court's decisions, resulting in a "significant revision to the language in which we are interested." See White v. City of Watertown, 2019 WI 9, ¶10, 385 Wis. 2d 320, 922 N.W.2d 61. Indeed, a statute's background, encompassing its "previously enacted and repealed provisions," can provide helpful context for a plain-meaning analysis. United States v. Franklin, 2019 WI 64, ¶13, 387 Wis. 2d 259, 928 N.W.2d 545; see also Richards v. Badger Mut. Ins. Co., 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581.

7

¶10 Applying these principles to Wis. Stat. § 801.58(1) reveals two things. First, that "preliminary contested matters" has a specific legal meaning, which the legislature explicitly adopted when it amended § 801.58(1). And second, that there is no "hearing of" a preliminary contested matter until a court actually hears such a matter.

A

¶11 The phrase "preliminary contested matters" has a specific legal meaning referring to pretrial issues that go to the ultimate merits of the case. The roots of this meaning can be traced to the court's interpretation of a mid-nineteenth century change-of-venue statute. That statute provided that when a party requested a change of venue because of the presiding judge's "prejudice," the judge had no discretion to deny the request. Wis. Stat. ch. 51, § 1 (1853); Rines v. Boyd, 7 Wis. 155, 157 (1859); Baldwin v. Marygold, 2 Wis. 419, 420 (1853).

¶12 The timeliness of such change of venue requests hinged upon whether the trial judge had already decided some substantive question. See, e.g., State ex rel. Winchell v. Cir. Ct. of Waukesha Cnty., 116 Wis. 253, 93 N.W. 16 (1903); Swineford v. Pomeroy, 16 Wis. 553, 554-55 (1863). In Swineford, the court explained that, under "a rational construction," the change-of-venue statute was meant to prevent a party from changing the venue after the trial judge "ruled contrary to [that party's] expectations or unfavorably to" it. 16 Wis. at 555. Thus, a party's venue-change request was untimely if

8

made after the trial judge called the jury or issued a ruling. Id.  If, however, a party made such a request after the court placed a matter "on the calendar for trial" but before it ruled on any issues, the request was timely.  See Eldred v. Becker, 60 Wis. 48, 48, 18 N.W. 720 (1884).  In essence, a party could request a change of venue only if the trial judge had not yet decided a contested matter.

¶13 That reasoning has informed both the development of the judicial substitution statute and our interpretation of it. In the statute's initial form, its text reflected our change-of-venue jurisprudence in that it allowed a party to request a judicial substitution "before the first day of the term of court at which the case is triable or within 10 days after the case is noticed for trial."  Wis. Stat. § 261.08 (1971-72).  The statute left open the question of whether a party could request a judicial substitution after a judge had ruled on pretrial issues but before the case had been noticed for trial.

¶14 We took up that question in Pure Milk Products Cooperative v. National Farmers Organization, 64 Wis. 2d 241, 219 N.W.2d 564 (1974).  There, drawing heavily from our change-of-venue jurisprudence, we held that "the legislature could not have intended by the wording of" the substitution statute to allow a party to substitute a judge after "the hearing of a contested motion [that] implicates the merits of the action." Id. at 249.  We explained that other jurisdictions with similar judicial substitution statutes required a party to file its substitution request before "the hearing of contested

9

preliminary matters." Id. at 248. Our survey of the case law revealed that, in the judicial substitution context, a preliminary contested matter is more than just a preliminary issue over which the parties disagree (or, literally, "contest"). Rather, the phrase carries a particular common law meaning referring to a substantive pretrial matter that relates to the "ultimate issues" of the case. See id. at 248-50; Bahr v. Galonski, 80 Wis. 2d 72, 87, 257 N.W.2d 869 (1977). We ultimately accepted that specific common law meaning as the meaning of "preliminary contested matters" in the judicial substitution statute.

¶15 Shortly thereafter, the legislature codified our decision in Pure Milk Products via an amendment to the judicial substitution statute (now Wis. Stat. § 801.58).[8] See State ex rel. Sielen v. Cir. Ct. for Milwaukee Cnty., 176 Wis. 2d 101, 113, 499 N.W.2d 657 (1993) (explaining that this amendment "is a codification" of the court's decision in Pure Milk Products) (quoting State ex rel. Carkel, Inc. v. Cir. Ct. for Lincoln Cnty., 141 Wis. 2d 257, 265, 414 N.W.2d 640 (1987)).[9] As amended——and as it reads today——the statute requires a party to file its substitution request before "the hearing of any

---

[8] In 1975, this court renumbered Wis. Stat. § 261.08 as § 801.58.

[9] See also See State v. Norwood, 2005 WI App 218, ¶12, 287 Wis. 2d 679, 706 N.W.2d 683; City of LaCrosse v. Jiracek Cos., 108 Wis. 2d 684, 694, 324 N.W.2d 440 (Ct. App. 1982); Kroll v. Bartell, 101 Wis. 2d 296, 302, 304 N.W.2d 175 (Ct. App. 1981).

preliminary contested matters." See § 15, ch. 135, Laws of 1977; Wis. Stat. § 801.58(1). The legislature's adoption verbatim of the phrase "preliminary contested matters" instructs that the phrase means the same thing in § 801.58(1) as it did in Pure Milk Products.[10] See White, 385 Wis. 2d 320, ¶10 (explaining that "a significant revision to the language in which we are interested" assists in determining a statute's plain meaning); Strenke, 279 Wis. 2d 52, ¶¶30-31, 39 (holding that when the legislature amended Wis. Stat. § 895.85(3) to include the common law phrase "disregard of rights," that phrase retained its "specific" common-law meaning).

¶16 In the 41 years since the legislature codified Pure Milk Products, Wisconsin courts have interpreted "preliminary contested matters" consistent with its accepted legal meaning. Pretrial motions that directly implicate the merits of a case, such as a motion to dismiss for failure to state a claim, Carkel, 141 Wis. 2d at 261, and a motion to compel discovery, Sielen, 176 Wis. 2d at 113-14, are preliminary contested

---

[10] Indeed, the Judicial Council's note to the 1977 statutes plainly confirms that conclusion:

> Section 801.58 of the statutes has been changed in a number of significant ways. The statute states that a substitution of judge request in a civil action or proceeding is timely only if made before the hearing of a preliminary contested matter, codifying Pure Milk Products Coop. v. NFO.

Judicial Council Note, 1977, Wis. Stat. § 801.58 (citation omitted); see also, e.g., Sands v. Whitnall Sch. Dist., 2008 WI 89, ¶27, 312 Wis. 2d 1, 754 N.W.2d 439.

11

matters. The former implicates a case's merits because, if the circuit court grants the motion, it has decided that there is no claim for it to hear. E.g., PRN Assocs. LLC v. DOA, 2009 WI 53, ¶¶26-27, 317 Wis. 2d 656, 766 N.W.2d 559. The latter implicates the merits because the circuit court could "impose a sanction that precludes a party from submitting any evidence," thus making it impossible for that party to prove the merits of its claim. See Sielen, 176 Wis. 2d at 114. Similarly, because an initial commitment proceeding decides the ultimate merits regarding commitment under ch. 51, that proceeding is a preliminary contested matter for the purposes of a commitment extension proceeding. State ex rel. Serocki v. Cir. Ct. for Clark Cnty., 163 Wis. 2d 152, 159-60, 471 N.W.2d 49 (1991).

¶17 Conversely, this court, as well as the court of appeals, has held that procedural issues that have no direct effect on the merits of a case are not preliminary contested matters. For example, a circuit court judge's decision whether to accept a family court commissioner's proposed alimony-modification order, although "not perfunctory" and requiring the judge to "ascertain" the merits of the proposed order, is not a preliminary contested matter under § 801.58(1). State ex rel. Tarney v. McCormack, 99 Wis. 2d 220, 234, 298 N.W.2d 552 (1980). Motions to join additional parties and to intervene are also not preliminary contested matters. See City of La Crosse v. Jiracek Cos., 108 Wis. 2d 684, 688-89, 694-95, 324 N.W.2d 440 (Ct. App. 1982) (allowing substitution requests after deciding motions to join and intervene). To be sure, these are

12

preliminary matters that parties routinely contest.  But as our jurisprudence makes clear, they fall outside the accepted legal meaning of "preliminary contested matters."

¶18  Because "preliminary contested matters" has a specific legal meaning, there is no need to parse the phrase's individual words in search of each word's non-technical meaning.  See S.J. Boyer Constr., 326 Wis. 2d 521, ¶52.  For the same reason, it matters not whether either party in fact contested a preliminary matter.  Instead, we treat the phrase "preliminary contested matters" as one unit with a specific legal meaning: a substantive issue that goes to the ultimate merits of a case.

B

¶19  We next analyze what it means for there to be "the hearing of" preliminary contested matters.  The State urges that Matthews' substitution request is untimely because he filed it after appearing at what was set as a contested probable cause hearing.  According to the State, it is irrelevant whether the circuit court actually reached the substance of the merits issue at that hearing.

¶20  Our decisions in Tarney and Serocki, however, strongly favor Matthews' argument that there is no "hearing of" a preliminary contested matter until the circuit court in fact hears such a matter.  In Tarney, we explained that § 801.58(1) requires a party to file its substitution request "before the judge has heard" a preliminary contested matter.  99 Wis. 2d at 234 (emphasis added).  We reiterated that position in Serocki, concluding that a party must request substitution

13

"before the circuit court <u>reaches</u> a substantive issue." 163 Wis. 2d at 156 (emphasis added). A judge cannot "reach" a substantive issue without first "hearing" arguments on that issue. Merely scheduling a hearing about a substantive issue is insufficient. <u>See</u> <u>Eldred</u>, 60 Wis. at 48.

¶21 Our conclusion is consistent with the policy underlying § 801.58(1). As we stated in <u>Carkel</u>, the statute's policy is to prevent a party unhappy with how a judge is "handling" a preliminary contested matter from requesting a different judge "simply because the litigant believes things are going badly." 141 Wis. 2d at 265 (quoted source omitted). That is, a party may not "'test the waters' with a particular judge before requesting substitution." <u>Serocki</u>, 163 Wis. 2d at 156 (quoting <u>Carkel</u>, 141 Wis. 2d at 265); <u>see also</u> <u>Swineford</u>, 16 Wis. at 555. But a judge must first hear a substantive issue——not just schedule to hear one——before a party has tested the proverbial waters.

¶22 The bottom line is that whether a party has timely filed its judicial substitution request turns on what issues a circuit court has already heard. It is irrelevant whether a judge schedules to hear a preliminary contested matter or whether a party actually contests a preliminary issue. Accordingly, we hold that a party's substitution request is timely if it is made before a judge in fact hears a substantive issue that goes to the ultimate merits of the case.

14

C

¶23  Turning to the facts in this case, we conclude that the circuit court heard no preliminary contested matter prior to Matthews' filing his judicial substitution request.  By the time Matthews filed his request on August 29, the circuit court had addressed only his motion to adjourn the August 15 hearing.  At that hearing, although it was "set as a contested probable cause hearing," no party "presented its views" on whether the State had probable cause to commit Matthews.  Cf. Carkel, 141 Wis. 2d at 265.  Rather, the entire discussion revolved around Matthews' motion to adjourn.  The circuit court's decision to grant the motion had no effect on the ultimate merits of whether Matthews is a subject for commitment under Wis. Stat. ch. 980.  Matthews' waiver of his right to have a probable cause hearing within 10 days of his release from prison was part and parcel of his motion to adjourn.  It was not, contrary to the circuit court's conclusion, a standalone substantive issue that "directly affected the presentation" of his case.  Accordingly, Matthews timely requested a judicial substitution.

III

¶24  Under Wis. Stat. § 801.58(1), a party timely files a judicial substitution request if, prior to that filing, the circuit court has heard no preliminary contested matter.  The phrase "preliminary contested matter" has an accepted legal meaning that refers to a substantive issue that goes to the ultimate merits of the case.  Here, because the circuit court heard no such matter prior to Matthews filing his judicial

15

substitution request, his request was timely.  We therefore reverse the court of appeals and remand the cause for further proceedings.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.